BOUTALL, Judge.
Defendant Herbert Dean was found guilty of constructive contempt, La.C.Cr.P. art. 23(6). He was sentenced to serve six months in Parish prison and ordered to pay a fine of $500 and court costs. Defendant applied for a writ of review to this court, which was granted. His request for a stay of execution of the sentence was denied.
Defendant assigns as error the failure of the trial court to advise him of his right to counsel prior to the hearing on the rule to show cause for constructive contempt. FACTS
Prior to a criminal trial being heard in the Twenty-Third Judicial District Court in which defendant was counsel of record, the State filed a motion for contempt alleging that Herbert Dean, posing as attorney Walter Crittenden, had been practicing law in that court without a license and under an assumed identity. The motion was served on the defendant and a show cause hearing was held in which Dean appeared without counsel. At the close of the hearing Dean was found guilty of constructive contempt and sentenced accordingly.
A person charged with constructive contempt shall be tried on a rule to show cause. If found guilty, the court will render an order reciting the facts constituting the contempt, La.C.Cr.P. art. 24. C.Cr.P. art. 20 defines contempt of court as “An act or omission tending to obstruct or inter *477 fere with the orderly administration of justice or to impair the dignity of the court or respect for its authority.” La.C.Cr.P. art. 23(6) defines constructive contempt as “Assuming to act as a juror, or as an attorney or other officer of the court, without lawful authority.”
During the contempt hearing, it was established that Dean handled as many as 24 criminal cases in Louisiana courts and one civil case. In response to questioning by the court, Dean admitted he had been practicing under the name of Walter Critten-den [1] and that he was not an attorney. Dean also stated, although there is no independent corroboration of this in the record, that he had attended law school in California and was a disbarred California attorney. The officer assigned to investigate the matter testified his research revealed that Dean had been arrested in California for practicing law without a license.
Defendant contends the failure of the trial court to advise him of his right to counsel at the contempt hearing is reversible error. A review of the record reflects there is no explicit statement by the trial judge informing defendant of this right. We do not believe, however, that this amounts to reversible error. Rather, we believe that defendant, based on his past experience in handling criminal matters, knew he was entitled to an attorney and chose to represent himself. In so doing, he made a knowledgeable waiver of his right to have an attorney present with him at the hearing. This assignment lacks merit.
Accordingly, the finding of constructive contempt and the resulting sentence are affirmed.
AFFIRMED.

. Walter Crittenden is an attorney licensed to practice law in Louisiana.